FILED
CHARLOTTE, NC

JUN 03 2011

U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:11-CV-0266-FDW-DSC

| | |
|---|---|
| DEUTSCHE BANK TRUST COMPANY AMERICAS, in its capacity as successor indenture trustee for certain series of Senior Notes, LAW DEBENTURE TRUST COMPANY OF NEW YORK, in its capacity as successor indenture trustee for certain series of Senior Notes, and WILMINGTON TRUST COMPANY, in its capacity as successor indenture trustee for the PHONES Notes,<br><br>      Plaintiffs,<br><br>vs.<br><br>The Burroughs Wellcome Fund, Scott Schoedler, Dorothy D. Park, T. Rowe Price, Progress Energy Service Co., Donald F. Ray, Mark Hianik, Lindsay McCutcheon IV as an individual and as MCC Trustee for the U/A DTD 10/26/1987 John T. McCutcheon III Trust, TCTS-Sanibel Captiva Trust Co., Fifth Third Bank, Treasurer of the State of North Carolina, Equity Investment Fund Pooled Trust, Treasurer of the State of North Carolina Index, First-Citizens Bank & Trust Company, Walter E. Graham as an individual and as Trustee for the U/A DTD 10/16/2000 by Walter K. Graham FBO Anne G. Taylor, and Anne G. Taylor; and Glaxo Wellcome Inc. f/k/a Burroughs Wellcome Inc., Florida Power Corp Non-Qual, Cherry Jackson Sveen, John T. McCutcheon III, and John F. Mangan Jr. on behalf of themselves and a class of similarly situated persons and entities,<br><br>      Defendants. | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiffs' Emergency *Ex Parte* Motion To File Exhibit A To The Complaint Under Permanent Seal And To Serve The Complaint With A Redacted Exhibit A That Discloses Only Information Relating To

The Specific Defendant Served" (Document No. 5). After review of the motion and the record, the undersigned will <u>grant</u> the motion. It appears to the undersigned that the pending motion adequately satisfies Local Rule 6.1; and moreover, that Plaintiffs have shown good cause for the motion to be granted.

In this case, Plaintiffs contend that the sealing of Exhibit A to the Complaint is necessary because portions of unredacted Exhibit A are subject to (i) a protective order dated May 19, 2011, and (ii) a confidentiality agreement ordered by the United States Bankruptcy Court for the District of Delaware in Tribune's bankruptcy case (Case No. 08-13141 (KJC), Jointly Administered). In further support of the motion, Plaintiffs have shown that Defendants' confidential financial information in unredacted Exhibit A to the Complaint identifies the dates and dollar amounts of proceeds received by each Defendant.

In the motion, Plaintiffs seek permanent sealing. To that end, the Court will seal these pleadings throughout the pendency of this action (subject to further order of this Court) and allow the parties leave to move that the Clerk of Court strike all sealed pleadings after the case is terminated.

**IT IS, THEREFORE, ORDERED** "Plaintiffs' Emergency *Ex Parte* Motion To File Exhibit A To The Complaint Under Permanent Seal And To Serve The Complaint With A Redacted Exhibit A That Discloses Only Information Relating To The Specific Defendant Served" (Document No. 5) is **GRANTED**. Such seal shall remain in effect throughout the pendency of this litigation (subject to further Order of this Court), and any appeal thereof, and the parties are **GRANTED** further leave to move the Clerk of this Court to strike all sealed documents after the termination of this action.

**IT IS FURTHER ORDERED** that unredacted Exhibit A to the Complaint, attached to the Affidavit of Mark R. Kutny (Document No. 6) in a sealed envelope, affixed with a copy of the document's cover page (with confidential information redacted) to the outside of the envelope, and conspicuously marked on the envelope with "SEALED DOCUMENT," shall be a sealed document. A copy of this Order shall be placed in the file of the above-entitled action.

**IT IS FURTHER ORDERED** that Plaintiffs are ordered to serve individual Defendants with the Complaint and redacted Exhibit A that discloses only information relating to the specific defendant served.

**IT IS FURTHER ORDERED** that any third party seeking access to the sealed document may do so only upon application to this Court setting forth their need to obtain access to the document and, as a condition of access, shall agree to keep the contents of the document confidential and not to disclose the contents to any third party not entitled to access to the document.

**IT IS FURTHER ORDERED** that any Defendant may move this Court at any time to vacate this sealing order upon notice to the Plaintiffs and all other Defendants in this action.

**SO ORDERED.**

_____
David C. Keesler
United States Magistrate Judge

3