IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-266-MOC-DSC

| | |
|---|---|
| **DEUTSCHE BANK TRUST COMPANY AMERICAS, et. al.,** )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>**THE BURROUGHS WELLCOME FUND, et. al.,** )<br>)<br>Defendants. )<br>)<br>)<br>)<br>)<br>) | **ORDER** |

**THIS MATTER** is before the Court upon consideration of Plaintiffs' Motion to Stay Defendants' Time to Respond to the Complaint in this Action or Commence Motions Practice. It is hereby **ORDERED** that the Motion is **GRANTED** and:

1. The time for Defendants to respond to the Complaint in this action or commence motions practice is stayed until further order of the United States Bankruptcy Court for the District of Delaware in In re Tribune Co., No. 08-13141 (KJC) or further order of this Court (the "Stay"). In addition, any applicable deadlines under Federal Rules of Civil Procedure 23 or 26 (or their local counterparts) will also be held in abeyance during the pendency of the Stay.

2. Notwithstanding the Stay, Plaintiffs are permitted to:

    a. amend the Complaint or move for leave to amend the Complaint;

    b. voluntarily dismiss this action or one or more Defendants pursuant to Federal Rule of Civil Procedure 41;

    c. move to add or drop a party or to sever any claim against a party pursuant to

Federal Rule of Civil Procedure 21;

        d.    move to consolidate and/or coordinate this action with any other action, without limitation, by making a motion pursuant to 28 U.S.C. § 1407 and the applicable Rules of Procedure of the U.S. Judicial Panel on Multidistrict Litigation, or any applicable state rules;

        e.    file a motion pursuant to Federal Rule of Civil Procedure 26(d)(1) seeking pre-conference discovery that may be necessary solely for the purpose of preventing applicable statutes of limitation or other time-related defenses from barring any state law constructive fraudulent conveyance claims against any former Tribune shareholder to recover stock redemption/purchase payments made to such shareholders in connection with the 2007 Tribune LBO; and

        f.    file a motion seeking modification of this Order.

3.    Notwithstanding the Stay, all Defendants or their counsel are required to enter an appearance in this case within 30 days after the latter of entry of this Order or service of the Complaint upon Defendant, without prejudice to any defenses or positions that Defendant may have; and

4.    Notwithstanding the Stay, Defendants are permitted to file responses to any motions Plaintiffs make pursuant to section 2 of this Order.

5.    Notwithstanding the Stay, any Defendant who was not provided with notice of Plaintiffs' motion prior to entry of this Order, because such Defendant had not yet been served with the Complaint or appeared in the action, may move this Court at any time to vacate or modify this Order upon notice to Plaintiffs and all other Defendants in this action.

6.    At such time as the Stay is lifted or terminates, this Court shall set the schedule for answering or otherwise responding to the Complaint, unless the action has been transferred to

another court for coordinated pretrial proceedings.

The Clerk is directed to send copies of this Order to counsel for the parties, including but not limited to moving counsel; and to the Honorable Max O. Cogburn, Jr.

**SO ORDERED**.                                             Signed: July 22, 2011

David S. Cayer
United States Magistrate Judge